UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| RASHEED WEEKLY ) <br> ) <br> Plaintiff, ) <br> ) **Case No.** <br> v. ) <br> ) <br> JERK & SOUL FOOD, LLC., and ) **JURY TRIAL DEMANDED** <br> JEREMY FEARS ) <br> ) <br> ) <br> Defendants. ) | |

# COMPLAINT

Plaintiff Rasheed Weekly ("Mr. Weekly" or "Plaintiff"), by and through his undersigned counsel, brings this action against Jerk & Soul Food, LLC ("Jerk & Soul"), and Jeremy Fears ("Mr. Fears") (collectively "Defendants"). Plaintiff alleges as follows:

## NATURE OF THE SUIT

1. This suit arises under the United States Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for Defendants' failure to pay Mr. Weekly at the statutorily–mandated overtime rate. Defendants' misconduct, however, does not stop there. This suit also arises under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115 *et seq.*, and the Chicago Minimum Wage and Paid Sick Leave Ordinance ("SMWO") ¶6-105-010, *et seq.* of the Municipal Code of Chicago, for Defendants' failure to pay Mr. Weekly his full and final wages.

2. What is more (if not even worse), Plaintiff brings this suit for Defendants'

1

violations of the Illinois Human Rights Act ("IHRA") 775 ILCS 5/1 *et seq.*, and common law retaliatory discharge for terminating Plaintiff due to his disability.

3. Mr. Weekly brings this case after receiving a Notice of Right to Sue Jeremy Fears and Jerk & Soul, from the Illinois Department of Human Rights on March 13, 2024, thereby exhausting all administrative remedies available to him. *See* Exhibit A.

## PARTIES

4. Plaintiff Rasheed Weekly is a resident of Illinois. He is disabled veteran who Defendant employed as a dishwasher. Defendants terminated Mr. Weekly on or about October 15, 2023, in retaliation for requesting accommodations due to a disability in his hands and for other issues detailed herein.

5. Defendant Jerk & Soul Food, LLC. is a corporation organized under the laws of Illinois with its principal place of business at 17 West 35th Street Chicago, Illinois 60616, Cook County, United States. It is a restaurant engaging in the sales of food and beverages.

6. Defendant Jeremy Fears is the sole owner and registered agent of Jerk & Soul Food, LLC. On information and belief Defendant Fears, is a resident of Chicago, Cook County, Illinois.

## JURISDICTION AND VENUE

7. This Court has federal subject matter jurisdiction over Defendants pursuant to 28 U.S.C. § 1331 as it asserts claims under a federal statute: 29 U.S.C. § 201.

8. This Court has supplemental subject matter jurisdiction over Plaintiff's Illinois

law claims pursuant to 28 U.S.C. § 1367 as they arise from the same set of operative facts and resulted from the same conduct on the part of the Defendants.

9. This Court has personal jurisdiction over Defendants pursuant to the Illinois "long arm" statute because Defendants: (a) transacted business in Illinois; (b) committed the misconduct alleged herein in Illinois; and (c) conducted their central operations out of Illinois. *See* 735 ILCS 5/2-209(a)(1), (2), and (7). This Court also has personal jurisdiction over Defendants as Jerk & Soul is organized under the laws of this state, *see* 735 ILCS 5/2-205(b)(3), and Mr. Fears is a natural person domiciled in Illinois at all relevant times, *see* 735 ILCS 5/2-206(b)(2).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

**Employment**

11. On or about October 31, 2022, Mr. Jeremy Fears of Jerk Soul & Food hired Mr. Rasheed Weekly as a full-time dishwasher, without any paperwork (*e.g.* job application, offer letter, et cetera).

12. Mr. Weekly had been a professional chef in the past and stopped that line of work due to a medically diagnosed "trigger finger," a condition which Mr. Weekly disclosed to Mr. Fears at the time of his application.

13. Defendant Fears drafted the schedule for each week on scrap pieces of paper and physically posted it in the restaurant.

14. On information and belief, Jerk & Soul employed five (5) people during Mr.

Weekly's employment including Mr. Weekly, Mr. Fears, Mr. Fears' mother (name unknown), a worker named "Kayla" (last name unknown), and on occasion Mr. Fears' sister (name unknown).

15. Mr. Weekly has no copies of any schedules in his possession, nor any record of his pay, as Defendants paid Mr. Weekly in cash, without exception.

16. On April 18, 2023, Mr. Weekly requested a copy of his employment file pursuant to the Illinois Personnel Record Review Act, 820 ILCS 40 *et seq*. Defendants have never responded to this request.

**Defendants' Illegal Pay Practices**

17. Defendants paid Mr. Weekly one-hundred dollars ($100.00) per eight (8) hour shift, which approximates to only twelve dollars and fifty cents ($12.50) per hour.

18. From October through December 2022, the Chicago Minimum Wage for employers with 4-20 employees was fourteen dollars and fifty cents ($14.50) per hour and rose to fifteen dollars ($15.00) per hour for 2023. Chicago Minimum Wage Ordinance Chapter 6-105.

19. In November 2022 Mr. Weekly worked six (6) days per week for the first month of his employment. During that time, Defendants did not pay Mr. Weekly time and a half for the hours worked in excess of forty (40) hours per week – approximately eight (8) hours per week for one month, totaling thirty-two (32) hours.

20. From December 2022 through February 15, 2023, when Defendants terminated him, Mr. Weekly reduced his schedule to five (5) days per week due to his physical disability and restrictions.

**Defendants' Discrimination and Retaliation**

21. During his employment Defendants assigned Mr. Weekly to help the Jerk Soul & Food's cook (Mr. Fears' mother, name unknown) in addition to his dishwashing duties. These work assignments required Mr. Weekly to cut and chop ingredients, which caused him great pain due to the disability he suffered with his hands.

22. Given Mr. Weekly's disability, which he fully disclosed at the time of his application and hiring, Mr. Weekly reminded Mr. Fears that he could not aid the cook, and that was not hired to do so. Mr. Fears ignored these concerns and requests for accommodations.

23. As Mr. Fears continued to staff Mr. Weekly on cooking duty, Mr. Weekly submitted a list of tasks that he had been required to do, that he could not medically do without accommodation.

24. Rather than participate in dialogue regarding reasonable accommodations and interactive process between employer and employee, Mr. Fears fired Mr. Weekly due to his disability of having "trigger finger" on February 15, 2023.

**COUNT I**
**DEFENDANTS' VIOLATION OF THE FLSA**
**(Against All Defendants)**

25. Plaintiff adopts and realleges each of the foregoing paragraphs as if fully incorporated herein.

26. Defendant Jerk & Soul was an "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

27. Defendant Fears, individually, was also an "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

28. Defendant Jerk & Soul was an "enterprise engaged in commerce" as defined by the FLSA in 29 U.S.C. § 203(s)(1).

29. The FLSA, in 29 U.S.C. § 207, mandates that for all weeks in which an employee works more than forty (40) total hours, employers must compensate that employee at a rate one-and-a-half times their regular pay for all hours worked over forty (40) hours.

30. Defendants were not exempt under 29 U.S.C. § 213 from the aforementioned overtime wage provision.

31. Defendants failed to pay Mr. Weekly at the statutorily mandated rate of one-and-a-half times his regular pay for all hours worked over forty (40) hours throughout November 2022, or any time thereafter.

32. Thus, Defendants violated the overtime wage provision of the FLSA when they failed to properly compensate Mr. Weekly for the weeks that he worked in excess of forty hours such that he is entitled to relief including, but not limited to liquidated damages, compensatory damages, and reasonable attorney's fees and costs.

## COUNT II
### DEFENDANTS' VIOLATION OF THE IMWL
**(Against All Defendants)**

33. Plaintiff adopts and realleges each of the foregoing paragraphs as if fully incorporated herein.

34. Defendant Jerk & Soul was an "employer" as defined by the IMWL in 820 ILCS 105/3(c).

35. Defendant Fears was an "employer" as defined by the IMWL in 820 ILCS 105/3(c).

36. The IMWL mandates that for all weeks in which an employee works more than forty (40) total hours, employers must compensate that employee at a rate one-and-a-half times their regular pay for all hours worked in excess of forty (40) hours. *See* 820 ILCS 105/4(a).

37. The IMWL mandates that employers pay employees at a statutorily defined minimum wage.[1] *See* 820 ILCS 105/4 (a)(1).

38. Defendants were not exempt from the aforementioned overtime wage provisions.

39. Defendants failed to pay Mr. Weekly at the statutorily mandated rate of one-and-a-half times his regular pay for all hours worked over forty (40) hours throughout November 2022, or any time thereafter.

40. Thus, Defendants violated the overtime and minimum wage provisions of the IMWL when they failed to properly compensate Mr. Fears such that he is entitled to relief, including but not limited to treble the amount of any such underpayments together, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid, as well as costs and such reasonable attorney's fees.

---

[1] January 1, 2022 through December 31, 2022 every employer shall pay to each of his or her employees who is 18 years of age or older in every occupation wages of not less than $12 per hour, and from January 1, 2023 through December 31, 2023 every employer shall pay to each of his or her employees who is 18 years of age or older in every occupation wages of not less than $13 per hour. *See* 820 ILCS 105/4 (a)(1). Chicago Minimum Wage Ordinance Chapter ¶ 6-105-010 mandates higher wages. By any calculation, Defendants violated applicable minimum wage laws.

## COUNT III
## DEFENDANTS' VIOLATION OF THE IWPCA
### (Against All Defendants)

41. Plaintiff adopts and realleges each of the foregoing paragraphs as if fully incorporated herein.

42. Mr. Weekly was an "employee" as he was an individual permitted to work for Defendant, and was compensated for his work. *See* 820 ILCS 115/2.

43. Defendants were "employers" as they paid wages to employees for work undertaken pursuant to various employment agreements. *See* 820 ILCS 115/2.

44. Defendants were statutorily-obligated to pay Mr. Fears his full and final compensation at the time of his separation or no later than his next regularly scheduled paycheck. *See* 820 ILCS 115/5. This final compensation includes any wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties. *See* 820 ILCS 115/2. *See also* § 6-105-050 of the Municipal Code of Chicago.

45. Defendants violated the wage provisions of the IWPCA when they failed to properly pay Mr. Fears his final compensation such that he is entitled to relief including but not limited to the amount of any such underpayments and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid as well as costs and reasonable attorney's fees.

## COUNT IV
## Violations of Chicago Minimum Wage and Paid Sick Leave Ordinance
## (Against All Defendants)

46. Plaintiff adopts and realleges each of the foregoing paragraphs as if fully incorporated herein.

47. Plaintiff was an "employee" under the CMWO, § 6-105-010 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO, § 6-105-040.

48. Defendants were each an "employer" as defined in the CMWO, § 6-105-010.

49. Plaintiff was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay for all weeks he worked more than forty (40) hours. *See* § 6-105-040.

50. Defendants did not pay Plaintiff at the rate of one and one-half times his regular hourly rate of pay in violation of the CMWO.

51. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO, § 6-105-040.

52. Defendants were required to compensate Mr. Weekly at a rate of fourteen dollars and fifty cents ($14.50) per hour for October through November 2022, and fifteen dollars ($15.00) per hour for January through February 2023. *See* § 6-105-020 (b)(2)(C-D).

53. Defendants paid Mr. Weekly one hundred dollars ($100.00) per day. Even if Mr. Weekly only worked eight (8) hours per shift, Defendants only paid Mr. Weekly

9

an hourly wage of twelve dollars and fifty cents ($12.50) per hour – Notably, Mr. Weekly often worked more than eight (8) hours per shift, making Defendants' violations even more egregious.

54. Defendants' failure and refusal to pay minimum hourly wages is a violation of the minimum wage provisions of the CMWO. *See* § 6-105-020.

55. Mr. Weekly is entitled to relief for Defendants' violations of the CMWO including, but not limited to three times the amount of any such underpayment, together with costs and such reasonable attorney's fees.

## COUNT V
### Violations of Illinois Human Rights Act, 775 ILCS 5/1 et seq.
### (Against Defendant Jerk & Soul)

56. Plaintiff adopts and realleges each of the foregoing paragraphs as if fully incorporated herein.

57. The Illinois Human Rights Act ("IHRA") exists "[t]o secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, *physical* or mental *disability*, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations." (emphasis added) 775 ILCS 5/1-102(A).

58. Defendants are "employers" under IHRA as they employ one or more employees within Illinois during 20 or more calendar weeks within the calendar year of, or preceding the alleged violation. Further, Defendants are employers regardless

of the number of employees as Plaintiff alleges a civil rights violation due to unlawful discrimination against him due to his physical disability. See 775 ILCS 5/2-101(B)(1)(a) and (b).

59. Plaintiff is an "employee" under the IHRA as he was an individual performing services for remuneration within this State (Illinois) for an employer. See 775 ILCS 5/2-101(A)(1)(a).

60. Plaintiff's physical disability is protected under IHRA. 775 ILCS 5/2-101 (E)(1).

61. It is a civil rights violation for any person on the basis of unlawful discrimination "[f]or any employer to refuse to hire, to segregate, to engage in harassment…discharge, discipline… on the basis of unlawful discrimination." 775 ILCS 5/2-102(A).

62. Plaintiff suffered "unlawful discrimination" under the IHRA when Defendants subjected him to discrimination based on his physical disability in his hands, a disability he disclosed before being hired.

63. Mr. Weekly brought a complaint before the Illinois Department of Human Rights on December 11, 2023. The Illinois Department of Human Rights issued Mr. Weekly a Notice of Right to Sue on March 13, 2024 exhausting the administrative remedies available to him. *See* Exhibit A.

64. Plaintiff is entitled to relief for Defendants' violation of the IHRA, including but not limited to, damages and attorney's fees.

11

## COUNT VI
### Common Law Retaliatory Discharge
### (Against Defendant Jerk & Soul)

65. Plaintiff adopts and realleges each of the foregoing paragraphs as if fully incorporated herein.

66. On or about February 15, 2023, Defendants terminated Mr. Weekly's employment.

67. Defendants terminated Mr. Weekly's employment due to his physical disability in his hands, and his request for accommodation of same.

68. Defendants' discrimination and retaliation against Mr. Weekly violated clear mandates of public policy of the State of Illinois, including the public policy concerning protection of disabled individuals.

69. As a result of Defendants' discrimination and retaliation, Mr. Weekly suffered damages and is entitled to relief, including but not limited to economic damages, and punitive damages .

## CONCLUSION

**WHEREFORE**, the Plaintiff, Mr. Weekly, prays that this Honorable Court enter judgment in his favor against the Defendants, Jerk & Soul Food, LLC. and Jeremy Fears for:

    A.    Liquidated and compensatory damages pursuant to the FLSA;
    B.    Treble damages and statutory interest pursuant to the IMWL;
    C.    Statutory damages and interest, and the full amount of underpayment pursuant to the IWPCA;
    D.    Treble damages pursuant to the CMWO;
    E.    Economic and non-economic damages to be proven at trial under IHRA and common law retaliatory discharge;
    F.    All costs and reasonable attorney's fees incurred in prosecuting this

   action as permitted under applicable law; and
G. Any further relief as this Court deems just and equitable.


Dated: March 19, 2023

                  Respectfully Submitted,



             By: /s/*William E. Meyer, Jr.*
                 William E. Meyer, Jr.
                 *One of Plaintiff's Attorneys*


FUKSA KHORSHID, LLC
William E. Meyer, Jr. (ARDC No. 6207345) of counsel
Lauren K. Miller (ARDC No. 6342296)
200 W. Superior, Suite 410
Chicago, IL 60654
T: 312.266.2221
F: 312.266.2224
william@fklawfirm.com
lauren@fklawfirm.com

**JURY DEMAND**:

Under the rights given to him by the Sixth Amendment to the United States Constitution and as provided by Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury on all issues so triable.

Dated: March 19, 2023

                                                              Respectfully Submitted,

                                      By:    /s/*William E. Meyer, Jr.*
                                                  William E. Meyer, Jr.
                                                  *One of Plaintiff's Attorneys*

FUKSA KHORSHID, LLC
William E. Meyer, Jr. (ARDC No. 6207345) of counsel
Lauren K. Miller (ARDC No. 6342296)
200 W. Superior, Suite 410
Chicago, IL 60654
T: 312.266.2221
F: 312.266.2224
william@fklawfirm.com
lauren@fklawfirm.com